UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| TALIB A. GOODSON, | : | |
| | : | Civ. No. 21-1884 (RMB-MJS) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY STATE PAROLE BOARD, | : | |
| | : | |
| Defendant | : | |

This matter comes before the Court upon Defendant New Jersey State Parole Board's unopposed motion to dismiss this civil rights action under 42 U.S.C. § 1983. The Court will determine the motion without a hearing pursuant to Federal Rule of Civil Procedure 78(b).

I.    THE COMPLAINT

On February 21, 2021, Plaintiff filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging his community supervision for life ("CSL") under the New Jersey State Parole Board violates virtually all of his constitutional rights, particularly his right to free exercise of religion. For relief, Plaintiff seeks removal from community supervision for life.

II.   DEFENDANT'S MOTION TO DISMISS

Defendant argues that this Court lacks jurisdiction under § 1983 over Plaintiff's complaint, where he alleges his sentence to community supervision for life under N.J. Stat. Ann. § 2C:43-6.4 violates the Constitution.[1] (Dkt. No. 26-1 at 9-11.) Defendant contends

---

[1] Plaintiff did not identify the statutory provision under which his sentence to community supervision for life was imposed.

such claims may only be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2254.

## III. DISCUSSION

### A. Legal Standard

While Defendant brings a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief, Defendant asserts this Court lacks jurisdiction over Plaintiff's claims under § 1983. (Dkt. No. 26-1 at 8.) [F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions…." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

### B. Analysis

The sole remedy Plaintiff seeks in his complaint is removal from community supervision for life. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Leamer v. Fauver*, 288 F.3d 532, 541 (3d Cir. 2002) (holding that where a plaintiff seeks a habeas remedy, "the plaintiff must proceed by way of a habeas petition.")

It appears that the Third Circuit Court of Appeals has not yet determined whether a person who seeks removal from community supervision for life is "in custody" for purposes of a habeas petition under 28 U.S.C. § 2254. However, in *Barry v. Bergen County Probation Dept.*, the Third Circuit held a community service obligation for 500 hours, imposed upon

resentencing in lieu of a fine for a New Jersey state criminal conviction, imposed an actual, severe restraint on liberty that met the "in custody" requirement of § 2254. The Third Circuit explained that custody is established whenever a restraint on liberty is either actual or imminent, and the threat of imminent or inevitable incarceration is not necessary to satisfy the requirement. *Id.* at 161 (citing *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California*, 411 U.S. 345, 351 (1973); *see also Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d , 894 (2nd Cir. 1996)).

Subsequently, in *Piasecki*, the Third Circuit held that the petitioner's registration requirements under Pennsylvania law were sufficiently restrictive to constitute custody under § 2254, where the petitioner was subject to the following restrictions: (1) required to be in a certain place at least four times a year for the rest of his life; (2) restrictions on internet use; (3) reporting requirements for any change of address, phone number or email address; and (4) failure to abide by the restrictions was itself a crime. *Piasecki v. Ct. of Common Pleas, Bucks Cnty., PA*, 917 F.3d 161, 170 (3d Cir. 2019). In the Third Circuit, "a restriction is custodial if it provides for restraints that are '(1) severe, (2) immediate (i.e. not speculative), and (3) not shared by the public generally.'" *Id.* (quoting *U.S. v. Ross*, 801 F.3d 274, 379 (3d Cir. 2015)).

In his complaint, Plaintiff alleges he is subject to restrictions under community service for life, supervised by the New Jersey State Parole Board, including: (1) his inability to migrate to another land; (2) his inability to use a personal internet device or social media; (3) his requirement to allow parole officers to search himself and his property without a warrant; (4) his denial of custody/visitation of his children without a co-parent present; (5) his inability to visit incarcerated individuals; (6) his inability to stay overnight at a religious place of worship; (7) his inability to care for his disabled mother in her residence; and (8) his forced

attendance at counseling sessions.  The restrictions imposed on Plaintiff under his sentence to community service for life are undoubtedly severe, immediate and not shared by the public generally.  Therefore, Plaintiff's challenge to those restrictions must be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2254.  This Court will dismiss Plaintiff's complaint without prejudice to him filing a § 2254 habeas petition.

## IV.   CONCLUSION

For the reasons discussed above, this Court lacks jurisdiction over Plaintiff's complaint under 42 U.S.C. § 1983, but Plaintiff may file a petition for writ of habeas corpus under 28 U.S.C. § 2254.

An appropriate Order follows.

DATE:  July 26, 2023

                                             s/Renée Marie Bumb
                                             RENÉE MARIE BUMB
                                             Chief United States District Judge